FILED

**NOT FOR PUBLICATION**

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELMA ANGELICA GARCIA, | No.    10-72869 |
| Petitioner, | Agency No. A077-205-954 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Delma Angelica Garcia, a native and citizen of Mexico, petitions for review

of the Department of Homeland Security's September 17, 2010, order reinstating

her April 1998 expedited removal order.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review de novo constitutional claims, but our review of reinstatement

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

orders is otherwise "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136-37 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Garcia does not challenge the reinstatement of her 1998 removal order under the "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order[;] and (3) whether the petitioner re-entered illegally." *Id.* at 1137. Garcia's contention that the reinstatement of the 1998 order violates due process because she was denied a hearing before a judge with the assistance of counsel prior to reinstatement is foreclosed by our 2007 decision in *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495-98 (9th Cir. 2007) (en banc) (holding that an alien is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order, the reinstatement statute and its implementing regulation comport with due process, and any statutory right to representation applies only to aliens in proceedings before an immigration judge).

We lack jurisdiction to consider any collateral attacks Garcia raises against her 1998 expedited removal order. *See Garcia de Rincon*, 539 F.3d at 1137 (noting that, "whatever relief might be gained by the operation of [8 U.S.C.]

§ 1252(a)(2)(D) and the 'gross miscarriage' standard, it is unavailable to [petitioner] because her underlying removal order is an *expedited* removal order that is subject to additional jurisdictional bars—8 U.S.C. §§ 1252(a)(2)(A) and 1252(e)" (emphasis in original)).

To the extent that our 2010 decision in *Morales-Izquierdo v. Dep't of Homeland Sec.*, provides for jurisdiction to review the United States Citizenship and Immigration Services' ("USCIS") 2007 denial of Garcia's application for adjustment of status, we take judicial notice of USCIS's denial submitted with Garcia's opening brief. *See* 600 F.3d 1076, 1082-84 (9th Cir. 2010) (overruled in part on other grounds by *Garfias Rodriguez v. Holder*, 702 F.3d 504, 516 (9th Cir. 2012) (en banc)); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of agency records). Because Garcia was denied adjustment due to a false claim of U.S. citizenship, and she does not contend she is eligible for a waiver of inadmissablity under 8 U.S.C. § 1182(a)(6)(C)(ii)(II), we do not reach Garcia's contentions that she is not barred from adjusting status under 8 U.S.C. § 1182(a)(9)(C)(i)(II). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**